IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| MaKesha Michelle Smith, ) | Case No.  6:12-cv-02533-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| St. Francis Hospital, Anthony J. ) | |
| Marcavage, JoAnn Taylor, Shauna Green, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on a motion to dismiss filed by Defendant Anthony J. Marcavage ("Marcavage").  [Doc. 23.]  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff filed this action on September 4, 2012, alleging she was improperly terminated while on leave under the Family Medical Leave Act ("FMLA") due to a serious health condition during pregnancy and another health condition. [Doc. 1.]  Defendant St. Francis Hospital was served on November 19, 2012 [Doc. 20]; and Defendants Shauna Green, Joann Taylor, and Marcavage were served on or before December 7, 2012 [Doc. 33].  Marcavage filed the instant motion to dismiss on December 7, 2012.  [Doc. 23.]  Plaintiff filed a response in opposition on January 15, 2013.  [Doc. 35.]  Accordingly, the motion to dismiss is now ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Pleadings**

Plaintiff brought this action pro se, which requires the Court to liberally construe herpleadings. *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for her. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standards**

*Rule 12(b)(2)*

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a party may move the court to dismiss an action based on a lack of personal jurisdiction. "[W]hen . . . [a] court decides a pretrial personal jurisdiction dismissal motion without an evidentiary hearing, the plaintiff need prove only a prima facie case of personal jurisdiction." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). To satisfy this burden, the plaintiff must base its claim for personal jurisdiction "on specific facts set forth in the record." *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*,

784 F. Supp. 306, 310 (D.S.C. 1992). Accordingly, "[t]he pleadings, affidavits, and other supporting documents presented to the court are construed in the light most favorable to [the] plaintiff, drawing all inferences and resolving all factual disputes in its favor." *Masselli & Lane, PC v. Miller & Schuh, PA*, 215 F.3d 1320, 2000 WL 691100, at *1 (4th Cir. 2000) (unpublished table opinion) (citing *Mylan Labs.*, 2 F.3d at 60); *see also Mylan Labs.*, 2 F.3d at 62 ("In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." (citing *Combs*, 886 F.2d at 676; *Wolf v. Richmond Cnty. Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir. 1984))). The court, however, need not "'credit conclusory allegations or draw farfetched inferences.'" *Massellli*, 2000 WL 691100, at *1 (quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994)).

### *Rule 12(b)(5)*

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(5). Rule 4(e) governs the service of process upon individuals in the United States and provides that service may be accomplished by either (1) delivering a copy of the summons and complaint to the defendant personally, (2) leaving a copy of the summons and complaint with a person of suitable age and discretion then residing at the defendant's home or usual place of abode, or (3) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

Rule 4(e) also provides that service of process may be accomplished pursuant to the law of the state in which the district court sits, Fed. R. Civ. P. 4(e)(1); under South Carolina law, service may be accomplished as outlined above for Federal Rule 4(e)(2) or by certified mail, S.C. R. Civ. P. 4(d).  Noncompliance with Rule 4 of the Federal Rules of Civil Procedure does not mandate dismissal where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service. *See Karlsson v. Rabinowitz*, 318 F.2d 666, 668–69 (4th Cir. 1963) (upholding service upon the defendant's wife at a home to which the defendant never intended to return).

In a case in which the district court permits the plaintiff to file in forma pauperis ("IFP"), the district court must direct the United States Marshals Service ("the USMS") to effectuate service of process.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *see Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) ( "In forma pauperis plaintiffs must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915.").  However, the plaintiff must provide sufficient information to locate the defendant with "reasonable effort."  *Richardson v. Johnson*, 598 F.3d 734, 738–40 (11th Cir. 2010); *see also Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (stating that "[i]f the Marshals Service could have obtained the new addresses of the defendants with reasonable efforts, the marshals' failure to serve process was 'good cause' for purposes of [Fed. R. Civ. P.] 4(m)," excusing the plaintiff's failure to timely serve the defendants); *Greene v. Holloway*, 210 F.3d 361, 2000 WL 296314, at *1 (4th Cir. 2000) (unpublished table opinion) (reversing district court's decision that service was insufficient after prisoner argued he did all that was required under *Graham* to effect service).

***Rule 12(b)(6)***

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support [his] claim and would entitle [him] to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court "may consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic." *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citing Fed. R. Civ. P. 10(c)).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *E. Shore Mkts., Inc. v. J.D.*

*Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

## DISCUSSION

Marcavage argues the complaint should be dismissed as to Marcavage (1) pursuant to Rule 12(b)(2) because the complaint alleges no contacts by Marcavage with the state of South Carolina such that this Court has jurisdiction over Marcavage; (2) pursuant to Rule 12(b)(5) because the complaint has not been served sufficiently on Marcavage; and (3) pursuant to Rule 12(b)(6) because the complaint fails to state a claim upon which relief may be granted. [Docs. 23; 23-1.] The Court declines to address Marcavage's arguments regarding personal jurisdiction and service of process because, even if personal jurisdiction existed and service were perfected in this matter, the Court finds Plaintiff's complaint fails to state a claim against Marcavage.

The definition of a covered "employer" under the FMLA includes "any person who acts directly or indirectly in the interest of an employer to any of the employer's employees . . . [and] individuals such as corporate officers 'acting in the interest of an employer' are individually liable for violations of the requirements of the FMLA." 29 C.F.R. § 825.104(d). For an individual to be liable under the FMLA, "a fact finder must conclude that the individual has 'sufficient responsibility or stature within [the defendant employer] to warrant

the imposition of personal liability under the FMLA.'" *Benton v. Belk, Inc.*, No. 9:12-766, 2012 WL 5381209, at *2 (alteration in original) (citing *Williamson v. Deluxe Fin. Servs., Inc.*, No. 03-2538, 2005 WL 1593603, at *9 (D. Kan. July 6, 2005)), *Report and Recommendation adopted by* 2012 WL 5381335 (D.S.C. Oct. 31, 2012).  Some courts have concluded that "the test for [individual FMLA] liability is whether the defendant had the ability to control, in whole or in part, whether the plaintiff could take a leave of absence and return to the position."  *Id.* (citing *Oby v. Baton Rouge Marriott,* 329 F. Supp. 2d 772, 788 (M.D. La. 2004); *see also Brown v. CBK*, No. 1:05-1171, 2005 WL 3263873, at *2 (W.D. Tenn. Nov. 28, 2005) ("[T]he FMLA has been interpreted to impose individual liability on employees of covered private sector employers if the employee exercises an adequate amount of control over the plaintiff's ability to exercise his or her FMLA rights.").

Here, aside from the caption, the complaint mentions Marcavage only once, alleging that "The Defendant herein, Anthony J. Marcavage: St. Francis Hospital has a place of business at 1 St. Francis Drive Greenville S.C. 29601."  [Doc. 1 at 3 ¶ 2.]  Plaintiff has not alleged any action or inaction by Marcavage and certainly has not alleged that Marcavage had any ability to control, in whole or in part, whether Plaintiff could take FMLA leave and/or whether she could return to her position.  According to Plaintiff's response in opposition to Marcavage's motion to dismiss, it appears the only connection Plaintiff alleges Marcavage has to this matter is his requesting an extension of time to respond to Plaintiff's charge filed with the Equal Employment Opportunity Commission ("EEOC"). [Docs. 35 at 5 (alleging Marcavage was the original representing attorney for Bon Secours Health System); 35-1 (electronic mail exchange between Marcavage and an EEOC

representative regarding an extension of time).] These bare allegations are insufficient to state a claim against Marcavage under the FMLA.

## **CONCLUSION**

Wherefore, based on the foregoing, it is recommended that the motion to dismiss filed by Marcavage be GRANTED.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

July 12, 2013
Greenville, South Carolina